IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Courtney Ray Mitchell, #363135, | ) | C/A No.: 1:17-2086-PMD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bryan Stirling, South Carolina DOC; | ) | REPORT AND RECOMMENDATION |
| Warden Dunlap, Warden of Kershaw; | ) | |
| and Lavern Cohen, Warden of | ) | |
| Ridgeland, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Courtney Ray Mitchell ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration in the custody of the South Carolina Department of Corrections ("SCDC). He sues SCDC Director Bryan Stirling, Kershaw Correctional Institution Warden Dunlap, and Ridgeland Correctional Institution Warden Cohen ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings.

This matter comes before the court on Defendants' motion to dismiss. [ECF No. 19]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 20]. The motion having been fully briefed [ECF No. 22], it is ripe for disposition.

Plaintiff's complaint contains a laundry list of allegations, some of which may be liberally construed to allege constitutional violations. Defendants argue that (1) that Plaintiff may not bring a claim against them in their official capacities pursuant to § 1983 and (2) they are not liable to Plaintiff in their supervisory capacities and he has failed to make specific allegations against them. [ECF No. 19]. In response, Plaintiff indicates that he wishes to amend his complaint [ECF No. 22 at 2].

The undersigned grants Plaintiff's request to amend his complaint. The Clerk's office is directed to send Plaintiff a blank complaint form and Plaintiff is directed to file his amended complaint by December 8, 2017. In drafting his amended complaint, Plaintiff is advised that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail,

however, than the bald statement that he has a valid claim of some type against the defendant"). Plaintiff should specify how each defendant's conduct allegedly violated his constitutional rights.

As Plaintiff's request to amend his complaint is granted, the undersigned recommends Defendants' motion to dismiss be denied as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 8, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).