# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Courtney Ray Mitchell, #363135, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:17-cv-2086-PMD-SVH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling, South Carolina DOC; | ) | |
| Warden Dunlap, Warden of Kershaw; | ) | |
| and Lavern Cohen, Warden of Ridgeland, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Courtney Ray Mitchell's objections to United States Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 44 & 40). The Magistrate Judge recommends denying Plaintiff's motion to amend his complaint, granting Defendants' motion to dismiss, and dismissing Plaintiff's claims with prejudice.

## BACKGROUND & PROCEDURAL HISTORY

The R & R accurately described the long procedural history of Plaintiff's claim, but the Court repeats and supplements that history to clarify the many opportunities Plaintiff has had to properly present his claim. Plaintiff filed his original complaint on August 8, 2017. On August 22, the Magistrate Judge directed Plaintiff to bring his claim into proper form, instructing him to describe his claims with specificity and include as much detail as possible. Plaintiff supplemented his claim with a proper form order on September 7. Defendants filed a first motion to dismiss on October 18, arguing that they could not be held liable in their official capacities under § 1983, and that Plaintiff had failed to state a claim. Plaintiff responded on October 27 and indicated he wished to amend his complaint. On November 8, the Magistrate Judge filed an R & R recommending that the Court grant Plaintiff's request to amend his complaint and deny Defendants' motion to dismiss

as moot. Plaintiff claims that on November 14, just before he was transferred to another facility, he received a package that he believes contained the R & R. He claims that as a result of the transfer, he was unable to read the R & R. On November 29, the Court adopted the R & R and directed Plaintiff to file an amended complaint by December 8. Plaintiff did not respond.

On December 15, Defendants again moved to dismiss, renewing their argument that they cannot be held liable in their official capacities and that Plaintiff failed to state a claim. On December 18, the Magistrate Judge issued a *Roseboro* order that instructed Plaintiff to respond with his version of the facts, if it differed from Defendants' version, and explained the consequences of an inadequate response. On January 16, 2018, Plaintiff submitted a letter to the Court explaining that he was transferred multiple times between November 14 and December 8, 2017, and that, as a result, he never got to read the documents[1] in the November 14 package. In his January 16 letter, he also asked for an extension to respond and requested that the Court send a copy of the documents he received on November 14 to his brother. On January 18, 2018, the Magistrate Judge granted the extension, set a deadline of February 20 for Plaintiff to respond to Defendants' motion to dismiss and to amend his complaint, and explained that the Court cannot contact Plaintiff's family members.

On February 6, Plaintiff responded to Defendants' motion to dismiss and moved to amend his complaint. On February 15, Defendants responded to Plaintiff's motion to amend. On February 22, the Magistrate Judge issued an R & R recommending that the Court deny Plaintiff's motion to amend as futile and grant Defendants' motion to dismiss. Then, on March 5, Plaintiff requested that the Court provide him with copies of all materials that he sent to the Court. On March 8, Plaintiff objected to the R & R. Defendants replied on March 16. Accordingly,

---

1. The Court assumes Plaintiff is referring to the November 8 R & R.

Defendants' motion to dismiss, Plaintiff's motion to amend, and Plaintiff's motion for copies of documents are ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

**I. Plaintiff's Objections to the R & R**

The Magistrate Judge recommends denying Plaintiff's motion to amend as futile and granting Defendants' motion to dismiss for failure to state a claim. The Magistrate Judge explained that the November 8 R & R instructed Plaintiff that his complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that he must allege facts that support a claim for relief, *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and that his complaint must do more that make conclusory statements, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). However, Plaintiff's proposed amended complaint fails to provide these necessary details and merely asserts that Defendants violated Plaintiff's civil rights. Consequently, the Court agrees that the proposed amendment is futile and that Defendants' motion should be granted.

Plaintiff argues that he never received the November 8 R & R due to his transfers. However, this was hardly the only document that explained to Plaintiff how he must state his claim. As discussed above, Plaintiff was already given the opportunity to amend his original complaint to bring it into proper form, and amended his complaint. Following that amendment, his claim against Defendant Stirling was that he had "failed to administer staff under his direction to provide proper security, safety, and mental health care." (Complaint, Statement of Claim per Proper Form Order, ECF No. 1-4, at 1.)[2] His claim against Defendant Dunlap is that he

> failed to provide proper security, safety, and mental health services to [Plaintiff] and others that are mentally ill. Allowed [Plaintiff] to be a victim of excessive

---

2. Plaintiff adds that Defendant Stirling's liability was "proved in T.R. v. SCDC No. 2005-CP-40-02925," apparently referring to a class action on behalf of mentally-ill inmates that settled in 2016. *See T.R. v. S.C. Dep't. of Corr.*, 2005-CP-40-02925 (Richland Cty. Ct. Com. Pl. Sept. 29, 2016); *Settlement Agreement*, Protection & Advocacy for People with Disabilities (May 31, 2016), http://www.pandasc.org/wp-content/uploads/2016/06/Settlement-Agreement-May-31-2016.pdf.

> force. Did not inform proper authorities when grabbed by genitals by officer under his authority, allowed "dog leash" to be put on [Plaintiff] by his officers.

(*Id.*) Finally, his claim against Defendant Cohen was that he "fail[ed] to provide proper security, safety, and mental health care to [Plaintiff] and other prisoners who qualify as specially protected under American Disabilities Act due to mental illness." (*Id.*) As the Magistrate Judge implied in the November 8 R & R, Plaintiff's claims against Defendants do not make more than conclusory allegations against Defendants. *Iqbal*, 556 U.S. at 677–78. Even assuming Plaintiff was never able to read the November 8 R & R due to his transfers, he received a *Roseboro* order that was re-mailed after he updated his mailing address following those transfers. (See ECF No. 30.) The *Roseboro* order similarly instructed Plaintiff that his response to Defendants' motion to dismiss should include Plaintiff's version of the facts, if it differed from Defendants' version, and explained the consequences of an inadequate response. Plaintiff also received Defendants' motion to dismiss which stated that Plaintiff failed to "set forth facts sufficient to state causes of action." (Defs.' Mot. Dismiss, ECF No. 29, at 1.) Thus, even assuming Plaintiff was not able to read the November 8 R & R, he received multiple indications that he needed to allege additional facts to support his claims. Still, his proposed amendment merely attempts to add parties to the claim, clarifies that he wishes to sue Defendants in their personal as well as their official capacities, and states that they "were cause to violation of civil rights." (Am. 1983 Compl., ECF No. 37, at 2.) Consequently, the Court agrees with the Magistrate Judge that Plaintiff has not alleged sufficient facts to overcome Defendants' motion to dismiss, despite multiple opportunities to do so.

Plaintiff similarly claims he was "blindsided" by the Magistrate Judge's February 22 R & R. However, as explained above, the Magistrate Judge's R & R recommending dismissal of Plaintiff's claims came after thorough briefing. Prior to the issuance of the February 22 R & R, Plaintiff received Defendants' December 15 motion to dismiss, the December 18 *Roseboro* order,

and Defendants' response to Plaintiff's motion to amend. Defendants' response to Plaintiff's motion to amend explains that the November 8 R & R "directed the Plaintiff to rewrite his amended complaint and advised that his complaint must contain more than conclusory statements." (Defs.' Resp. Pl.'s Mot. Am., ECF No. 38, at 2.) The response went on to state that "Plaintiff's Amended Complaint simply states a violation of civil rights occurred without providing any factual details as to what constituted a violation of his civil rights" and "thus, do[es] not give rise to a cause of action." (*Id.*, at 3.) Plaintiff should not have been "blindsided" by the February 22 R & R given his receipt of these other documents.

Finally, Plaintiff responded to the Magistrate Judge's comment that Plaintiff's allegations "may be liberally construed to allege constitutional violations." (R & R, ECF No. 40, at 1.) Plaintiff stated:

> If such things as being drenched in pepper gas, grabbed by the test[i]cles, choked, dragged by handcuffs, denied psychiatric medication for weeks, led around on a dog leash, subjected to vile, unsanitary conditions, witnessing suicides and murders, being threatened by hatchet wielding gang members and having mentally ill prisoners <u>crucified</u> is what is called "liberal violations of constitutional rights," I hate to see what sadistic things would be "conservative violations."

(Pl.'s Objs., ECF No. 44, at 7.) While these statements list specific things that Plaintiff alleged happened to him, they do not indicate how Defendants are responsible for these alleged events. Plaintiff has never alleged that Defendants were directly responsible for any of the above alleged incidents.

Liberally construed, Plaintiff's claim is that Defendants are liable due to their inadequate supervision. Liability of supervisory officials "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268

F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To establish supervisory liability a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices [ ]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Simply being a supervisor of those whose conduct allegedly caused a plaintiff's injury is not sufficient. *Id.*

Here, Plaintiff has not alleged in his complaint or in his objections that Defendants had knowledge that their subordinates' conduct posed a pervasive and unreasonable risk of constitutional injury to Plaintiff or his fellow inmates. He generally alleges that Defendants failed to provide proper security, safety, and mental health care, but does not allege that they had knowledge of any offensive practices that carried a risk of constitutional harm. At best, Plaintiff alleges that Defendant Dunlap allowed Plaintiff to be a victim of excessive force, but the Court finds that even under the liberal construction applied to pro se filings, this is not specific enough to assert that Defendant Dunlap had knowledge of a threat to Plaintiff's constitutional rights. Since Plaintiff has not alleged that Defendants knew that their subordinates posed a pervasive and unreasonable risk of constitutional injury, he has failed to allege facts that causally connect Defendants to his injuries. Thus, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim against Defendants. Further, the Court finds that Plaintiff's proposed amendment would not correct this error. Consequently, the Court denies Plaintiff's motion to amend as futile and grants Defendants' motion to dismiss.

**II. Plaintiff's Motion for Copies**

On March 5, Plaintiff requested that the Court provide him with copies of all material that he himself sent to the Court. Because the Court grants Defendants' motion to dismiss, Plaintiff's request for copies is denied as moot.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED**, and that the R & R is **ADOPTED**. Accordingly, the Court **DENIES** Plaintiff's motion to amend as futile and **GRANTS** Defendants' motion to dismiss. Plaintiff's motion for copies is **DENIED** as moot.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 23, 2018**
**Charleston, South Carolina**